**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

BETH WELLS,

    Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY AND**
**WAIVER OF LIFE INSURANCE PREMIUM BENEFITS**

Plaintiff, Beth Wells, files her Complaint against Defendant, Unum Life Insurance Company of America, and says:

## I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## II. PARTIES

2. Plaintiff, Beth Wells ("Ms. Wells"), is a citizen of the United States of America, and was at all times relevant a participant of the long-term disability insurance policy ("LTD Policy") and life insurance policy ("Life Policy") at issue. Defendant, Unum Life Insurance Company of America ("Unum"), is the insurer and claims administrator of the LTD Policy and Life Policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy and Life Policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while also serving as the insurance company paying benefits out of its own assets.

5. Ms. Wells was employed with PATH.  By virtue of her employment at PATH, she was an eligible participant of the LTD Policy and Life Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Ms. Wells a monthly benefit in the event she became disabled.

7. The LTD policy defines Disability, in pertinent part, as follows:

*You are disabled when Unum determines that:*

- *You are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness or injury**; and*
- *You have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.*

*After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.*

*You must be under the regular care of a physician in order to be considered disabled.*

8. The purpose of the Life Policy was to compensate Ms. Wells' beneficiary in the event of her death.

9. The Life Policy includes a waiver of premium benefit, which allows that:

*You are disabled when Unum determines that:*

- *During the elimination period, you are not working in any occupation due to your injury or sickness; and*
- *After the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.*

*You must be under the regular care of a physician in order to be considered disabled.*

10. Ms. Wells has suffered, and continues to suffer, from a number of debilitating medical conditions including but not limited to an intraventricular mass in her brain, a "brain bleed", right-sided hand weakness, chronic migraines, light sensitivity, and tinnitus. Ms. Wells experiences numerous symptoms resulting from her brain injury and brain tumor including numbness in her hands, migraines, motor deficits, and cognitive impairments that render her incapable of performing her own occupation or any gainful occupation.

11. Ms. Wells has been unable to perform the material and substantial duties of her regular occupation or any gainful occupation for which she may reasonably become qualified based on education, training or experience. Ms. Wells is disabled under the terms of the LTD Policy and Life Policy.

12. Ms. Wells was forced to discontinue working in March of 2019 due to her disabling conditions.

13. In accordance with the procedures set forth by the LTD Policy and Life Policy, Ms. Wells notified Defendant that she was disabled.

14. By letter dated June 26, 2019, Defendant acknowledged Ms. Wells' disability under the LTD policy, accepting liability by paying long-term disability benefits effective June 3, 2019.

15. By letter dated December 20, 2019, Defendant terminated Ms. Wells' long-term disability benefits effective December 20, 2019.

16. By letter dated December 27, 2019, Defendant denied Ms. Wells' waiver of life insurance premium claim under the Life Policy.

17. Ms. Wells timely appealed Defendant's decision to deny her long-term disability and waiver of life insurance benefits by letter dated May 4, 2020.

18. Defendant denied Ms. Wells' appeal for long-term disability and wavier of life insurance premium benefits, communicating its decision via letter dated September 11, 2020.

19. Ms. Wells exhausted her appeals under ERISA.

20. In terminating Ms. Wells' long-term disability and waiver of life insurance benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

21. The termination of Ms. Wells' long-term disability benefits constitutes a breach the LTD Policy's terms, and the decision was wrong and arbitrary and capricious.

22. The denial of Ms. Wells' waiver of life insurance premium benefits constitutes a breach the Life Policy's term terms, and the decision was wrong and arbitrary and capricious.

23. Defendant's termination of Ms. Wells' long-term disability and waiver of life insurance premium benefits breached the fiduciary duties owed to Ms. Wells under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Wells as a participant of LTD Policy and Life Policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 7, 10 through 15, 17 through 21, and 23 as if fully stated herein and says further that:

24. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

25. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the LTD Policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

26. Defendant has refused to pay the benefits sought by Ms. Wells, ignoring the medical records and clear opinions of her physicians evidencing disability

## V. COUNT II: WAIVER OF LIFE PREMIUM BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 5, 8 through 13, 16 through 20, and 22 through 23 as if fully stated herein and says further that:

27. Plaintiff is entitled to certain benefits of the policy consisting of waiver of life insurance premium benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

28. Plaintiff is entitled to the benefits identified herein because:

   d. the benefits are permitted benefits under the Life Policy;

   e. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   f. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

29. Defendant has refused to approve the benefits sought by Ms. Wells, ignoring the medical records and clear opinions of her physicians evidencing disability.

## VI. COUNT III: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 29 as if fully stated herein and says further that:

30. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VII. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 30 as if fully stated herein and says further that:

31. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest, and approval of waiver of life insurance premium benefits.

32. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

33. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the LTD Policy and Life Policy had she not been wrongfully denied benefits by Defendant.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Beth Wells, prays for a judgment against Defendant, Unum Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 28th day of July 2021.*

*/s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Geannina A. Burgos (FBN. 113242)

nina@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Beth Wells*
